IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ROBERT BLAUROCK,

            Plaintiff,

v.                                       Case No. 22-1196-JWB

SOUTHWIND SURGICAL GROUP;
BRANDON S. CUNNINGHAM, M.D.;
ALAINA D. DRESSLAR,[1] P.A.; C. R. BARD, INC.;[2]
CORIZON, LLC; CORIZON, INC.; and
CENTURION HEALTH CARE PROVIDER/K.D.O.C.,

            Defendants.


**MEMORANDUM AND ORDER**

    This matter is before the court on Defendant C.R. Bard Inc.'s (hereinafter "Bard") motion to stay the action pending a potential transfer to a multidistrict litigation ("MDL") proceeding. (Doc. 27.) The motion has been adequately briefed and the time for filing additional briefs has expired, making the motion ripe for determination. (*See* Docs. 37, 38, 41.) For the reasons stated below, the motion to stay the case is GRANTED.

**I. Background**

    Plaintiff, proceeding pro se, filed this action on July 28, 2022, in the District Court of Butler County, Kansas, alleging claims related to hernia repair surgeries he underwent in 2018 and 2022 that involved an allegedly defective surgical mesh (or "plug") manufactured by Bard, and related medical care Plaintiff received. (Doc. 1 at 2-3; Doc. 1-1.) Bard filed a notice of removal on August

---

[1] Although the petition spelled this Defendant's name "Dressler," subsequent filings indicate the correct spelling is "Dresslar." (Doc. 6.)

[2] This Defendant was identified in the petition as "Bard Davol Inc." (Doc. 1 at 1.)

29, 2022, alleging this court has subject matter jurisdiction by reason of diverse citizenship of the parties, notwithstanding common Kansas citizenship between Plaintiff and several of "the Healthcare Defendants" (i.e., Defendants other than Bard), because the Healthcare Defendants "were fraudulently joined in an attempt to defeat diversity jurisdiction…." (*Id.* at 7.) Bard's notice stated that it intended to seek transfer of the action to an ongoing MDL proceeding, *In Re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation*, Case No. 2:18-md-2846, MDL No. 2846 (S. D. Oh.).[3] (*Id.* at 4 n.2.)

Plaintiff filed an objection to the notice of removal, which the court construed as a motion to remand. (Doc. 11.) The court set a briefing schedule for the motion (Doc. 17), with the goal of addressing subject matter jurisdiction before other issues were raised, so as to avoid unnecessary waste of resources in the event jurisdiction was lacking. The best laid schemes of mice and judges go often astray, however, and this was no exception. By the time the remand motion was fully briefed the parties had unleashed a deluge of additional motions – approximately 16 and counting at this point – with accompanying responses and replies.

Included in the pending motions is Bard's motion to stay the action pending a transfer decision by an MDL panel. (Doc. 27.) The Judicial Panel on Multidistrict Litigation (JPML) found on August 2, 2018, that centralization of product liability cases involving Bard's hernia mesh products would eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve resources, and it accordingly ordered transfer of such cases for coordinated pretrial proceedings in the United States District Court for the Southern District of Ohio. (*See* Doc. 28 at 3–4.) The JPML has authority to order the transfer of cases pursuant to 28 U.S.C. § 1407(a). Plaintiff's petition includes allegations that appear to bring it within the scope of the JPML transfer

---

[3] Bard represents that it is currently defending more than 17,000 cases involving its hernia repair devices that are being coordinated in MDL No. 2846. (Doc. 28 at 1.)

order.  According to the briefs, Bard filed notice of this action with the JPML, which issued a conditional transfer order of the action to MDL 2846 on September 7, 2022.  (Doc. 28 at 5.) Plaintiff and Defendants Cunningham and Dresslar objected to the order, which resulted in a briefing schedule and the setting of a hearing on December 1, 2022, before the JPML.  Bard argues this action should be stayed pending a ruling on the potential transfer of the case to MDL No. 2648.

## II.  Standard

"In deciding whether to grant a stay based on the pendency of a motion to transfer or a conditional order of transfer by the JPML, courts typically consider three factors: (1) potential prejudice to the nonmoving party if the case is stayed; (2) hardship and inequity to the moving party if the action is not stayed; and (3) judicial economy, i.e. whether judicial resources would be saved." *Asmann v. Dairy Farmers of Am., Inc*., No. CIV.A. 12-1060-KHV, 2012 WL 1136865, at *2 (D. Kan. Apr. 4, 2012).  "The decision to grant or deny a temporary stay of proceedings pending a ruling by the JPML on a motion to transfer lies within the court's discretion." *Id.*

## III.  Analysis

After considering the above factors the court concludes Bard's motion to stay should be granted.  Defendants Cunningham and Dresslar argue they will be prejudiced by a stay because it "would unjustifiably postpone a ruling on their lack of personal jurisdiction and statute of limitations defenses" that they have asserted in a motion to dismiss.  (Doc. 38 at 4.)  The court sees no concrete prejudice to Defendants from a temporary stay.  Regardless of which court (this court or the MDL court) addresses the pending motions, that court must first determine whether it has subject matter jurisdiction over the claims and personal jurisdiction over the defendants.  *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp*., 549 U.S. 422, 430–31 (2007).  A

statute of limitations defense, which amounts to an adjudication on the merits, must be assessed after a court determines that it has subject matter jurisdiction over the claim. *See Garling v. U.S. EPA*, 849 F.3d 1289, 1293 (10th Cir. 2017) ("To reach the issue of timelines, … the district court needed to have subject matter jurisdiction."). Both courts are competent to address these motions, and, regardless of which one does so, the order and timeframe for doing so will likely be the same. Additionally, the prospect of any significant delay caused by an MDL transfer is speculative given that a hearing on the transfer order is set in the near future. The court concludes Defendants have not shown a significant likelihood of prejudice from a temporary stay of this action pending a transfer decision by the MDL panel.

As for hardship and inequity to Bard if a stay is not granted, that factor is largely neutral, as the only demonstrable impact on Bard is having to litigate in multiple forums, which is equally true as to all parties. But judicial economy weighs in favor of a stay, as a stay will prevent overlapping or duplicated efforts in multiple forums, and the MDL court's expertise in handling pretrial matters in Bard mesh litigation may significantly reduce the amount of court and party resources needed to litigate the claims. The foregoing factors persuade the court that a stay of this action pending resolution of the transfer issue by the MDL panel is warranted.

### IV. Conclusion

Bard's motion for a stay (Doc. 27) is GRANTED. All deadlines and hearings in this matter are STAYED pending a ruling by the JPML on transfer of the action to MDL No. 2648.

Bard's motion for a hearing on the motion (Doc. 29) and Defendants' motion to expedite ruling (Doc. 20) are DENIED.

4

IT IS SO ORDERED this 7th day of November, 2022.


_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE